a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| WOFF SENATES #A070798575,<br>Plaintiff | CIVIL DOCKET NO. 1:23-CV-00753<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MERRICK GARLAND ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order (ECF No. 2) and a Complaint for Declaratory, Injunctive, and Mandamus Relief (ECF No. 1) filed by pro se Petitioner Woff Senates ("Senates"). Senates is an immigration detainee at the Alexandria Staging Center in Alexandria, Louisiana.

Because the Court lacks jurisdiction to enjoin Respondents from removing Senates from the United States, the Motion for Temporary Restraining Order and the portion of the Complaint seeking injunctive relief (ECF Nos. 1, 2) should be DISMISSED for lack of jurisdiction. Because Senates is not entitled to other relief, the remainder of the Complaint (ECF No. 1) should be DENIED.

## I. Background

Senates seeks to enjoin his removal from the United States and asks the Court to order the Board of Immigration Appeals ("BIA") to adjudicate his Motion to Reopen. ECF Nos. 1, 2.

1

## II. Law and Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005). Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C.A. § 1252(a)(5). *See Hidalgo-Mejia v. Pitts*, 343 F.Supp. 3d 667, 670 (W.D. Tex. 2018).

The jurisprudence is also clear that district courts lack jurisdiction to stay a detainee's removal. *See Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (per curiam) ("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133 (5th Cir. 2000) (per curiam) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay. . . .").

Senates also asks the Court to issue a Writ of Mandamus ordering the Board of Immigration Appeals to adjudicate his pending motions. Under 28 U.S.C. § 1361 "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

thereof to perform a duty owed to the plaintiff." However, mandamus "is an extraordinary remedy for extraordinary causes." *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc). "A writ of mandamus may issue only if (1) the petitioner has 'no other adequate means' to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is 'clear and indisputable;' and (3) the issuing court, in the exercise of its discretion, is satisfied that the writ is 'appropriate under the circumstances.'" *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008) (quoting *In re United States*, 397 F.3d 274, 282 (5th Cir. 2005)).

Petitioner does not meet the stringent requirements for mandamus relief. He filed a Motion to Reopen on May 26, 2023. ECF No. 1 at 3. Senates does not allege that the BIA has refused to act or will not adjudicate his motion. He is not without a remedy.

### III. Conclusion

Because the Court lacks jurisdiction to enjoin Senates's removal from the United States, IT IS RECOMMENDED that the Motion for Temporary Restraining Order and the portion of the Complaint seeking injunctive relief (ECF Nos. 1, 2) be DISMISSED for lack of jurisdiction. Because Senates is not entitled to other relief, IT IS RECOMMENDED that the remainder of the Complaint (ECF No. 1) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, June 7, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE